RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiff
Loom Games Oyun Yazilim Ve
Pazarlama Anonim Sirketi

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOM GAMES OYUN YAZILIM VE PAZARLAMA ANONIM ŞIRKETI,<br><br>Plaintiff,<br><br>v.<br><br>GRAND GAMES OYUN VE YAZILIM ANONIM ŞIRKETI,<br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Loom Games Oyun Yazilim ve Pazarlama Anonim Şirketi ("Loom" or "Plaintiff"), for its complaint against defendant Grand Games Oyun ve Yazılım Anonim Şirketi ("Grand Games" or "Defendant"), alleges as follows:

## **INTRODUCTION**

1.      This action arises from Grand Games's copying of Loom's hit mobile game *Pixel Flow!*, and original audiovisual work that Loom conceived, designed, and brought to market at significant creative and financial expense.

2.      *Pixel Flow!* has a distinctive audiovisual identity across its levels—including the composition and layout of its puzzle boards, the arrangement and hierarchy of user-interface elements, the look of its loading screen, and the design of its in-game items and store creatives— that Loom carefully selected, coordinated, and arranged to create a unique overall expression.

3.      Defendant Grand Games's game, *Pixel Pop – Color Crush* ("*Pixel Pop*") is a thinly disguised reskin of *Pixel Flow!*'s creative audiovisual expression.  Across its level progression, *Pixel Pop* reproduces Loom's original and protectable expressive elements in *Pixel Flow!*, including *Pixel Flow!*'s distinctive level items, layouts, and designs, board and user interface ("UI") design and hierarchy, puzzle shapes and images, visual motifs, color schemes, visual presentation of in-game items, and overall audiovisual presentation, so closely that they read as the same game with only superficial differences.

4.      Grand Games's copying is apparent from the very first level of each game, which carries through to subsequent levels.  Specifically, the first level of each game presents a backdrop strikingly similar in color scheme, with a rounded-square conveyer track with shaded borders surrounding a central puzzle shape that is bisected into two differently colored regions arranged in the same outline, with tray holders on the left directly beneath the puzzle and shooter units appearing in colors that correspond to the colors of pixels in the puzzle and shaped, organized, and aligned in the same columns under the conveyor track at the bottom of the screen.  In both games, the shooter units are deployed from the left-hand corner with a tap to move counterclockwise around the rounded-square conveyor belt, shooting to hit pixels of the same color within the puzzle with similar pacing and movement. These similarities exemplify a broader

COMPLAINT FOR COPYRIGHT INFRINGEMENT          - 1 -

pattern of copying that continues across the opening sequence of levels and, beyond that, with respect to other specific levels of *Pixel Flow!*.

| *Pixel Flow!* (Loom) | *Pixel Pop* (Grand Games) |
| --- | --- |
| | |

5.      *Pixel Flow!* has achieved millions of downloads and top rankings worldwide, including in the United States and California, and is heavily promoted on the same platforms and ad networks through which Grand Games distributes and promotes its infringing game.  On information and belief, Grand Games has accessed and deliberately copied *Pixel Flow!*'s successful audiovisual design and level elements and layouts in an attempt to free ride on Loom's success, rather than invest in its own original creative work.  Indeed, even the title of Grand Games' infringing application, *Pixel Pop*, copies the lead word of Loom's game, further showing Grand Games' clear intent to copy and free-ride on the success of *Pixel Flow!*, including by confusing potential users into downloading *Pixel Pop* instead of *Pixel Flow!*.

6.      By this action, Loom seeks to stop Grand Games's ongoing infringement, prevent Grand Games from continued distribution of *Pixel Pop* or any substantially similar game, and recover damages and attorneys' fees for Grand Games's unlawful copying and exploitation of Loom's copyrighted work.

COMPLAINT FOR COPYRIGHT INFRINGEMENT          - 2 -

**PARTIES**

7.    Plaintiff Loom Games Oyun Yazilim ve Pazarlama Anonim Şirketi is a joint stock company organized and existing under the laws of Türkiye, with its principal place of business in Istanbul, Türkiye.  Loom develops and publishes mobile games worldwide, including *Pixel Flow!*, which it distributes through Apple's App Store and the Google Play Store.

8.    Defendant Grand Games Oyun ve Yazılım Anonim Şirketi is, on information and belief, a company organized and existing under the laws of Türkiye.  On information and belief, Grand Games maintains its principal place of business at Hamidiye, Cendere Caddesi 85/6, 34408 Kağıthane, Istanbul, Türkiye.  Grand Games develops and publishes mobile games worldwide, including *Pixel Pop*, which it distributes on Apple's App Store targeting, among others, users in the United States and this District.

**JURISDICTION AND VENUE**

9.    This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq.

10.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the federal copyright laws.

11.    This Court has specific personal jurisdiction over Grand Games because Grand Games expressly consented to jurisdiction in this District.  Pursuant to Section 512(c) of the Digital Millenium Copyright Act ("DMCA"), on or about March 18, 2026, Loom submitted to Apple Inc. a notification of claimed infringement ("takedown notice"), notifying Apple that *Pixel Pop* infringes Loom's copyrights in *Pixel Flow!* and requesting removal of *Pixel Pop* from the Apple App Store.  On or about March 20, 2026, Grand Games responded to Loom's takedown notice to Apple by submitting a DMCA counter notification pursuant to Section 512(g) of the DMCA.  In the counter-notification, Grand Games expressly states that it "consents to the jurisdiction of the Federal District Court for the Northern District of California, the judicial district in which Apple Inc. is located" and "will accept service of process from the person who provided the original notification under 17 U.S.C. § 512(c)(1)(C), or such person's agent."

12. This Court also has specific personal jurisdiction over Grand Games because Grand Games purposefully directs and has directed its infringing conduct to the United States and to this District, including without limitation by distributing and marketing its infringing game, *Pixel Pop*, through the U.S.-facing version of the Apple App Store and by targeting users in the United States and California, including in this District, knowing that Loom would suffer harm here from its infringing activities.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c) and 28 U.S.C. § 1400(a) because a substantial part of the events giving rise to the claims occurred in this District. Grand Games has directed its willfully infringing conduct into this District through distribution of its infringing game on a platform accessible here and targeting users here, and because Grand Games has consented to venue in the Northern District of California through its DMCA counter-notification.

## INTRADISTRICT ASSIGNMENT

14. Pursuant to Civil Local Rule 3-2(c), this is an intellectual property action and may be assigned to any division in this District.

## FACTUAL ALLEGATIONS

### Loom's *Pixel Flow!* and its Copyright Registration

15. Loom is the creator and owner of the hit mobile game *Pixel Flow!*, a casual puzzle game that presents a distinctive audiovisual experience built around a conveyor-style board and colorful shooter characters.

16. *Pixel Flow!* was completed in 2025 and first published on or about August 18, 2025, in the United States through major mobile app stores, including the Apple App Store and Google's Play Store.

17. *Pixel Flow!* is protected by U.S. Copyright Registration No. PA0002555079, effective November 28, 2025, issued by the U.S. Copyright Office for the *Pixel Flow!* audiovisual work. Loom is the sole claimant by written transfer from the original work-for-hire authors.

18. The registered work includes the game's audiovisual material, such as the look of its shooter units, the icon and loading screen, the layout and composition of its board and levels,

the arrangement and design of UI elements, and the visual design of items such as in-game pop-ups and store creatives. Loom's copyrights in *Pixel Flow!* also cover and protect Loom's original and expressive selection, coordination, and arrangement of elements in *Pixel Flow!*.

19.    *Pixel Flow!* is an original audiovisual work that combines distinctive level layouts, color palettes, user interface designs, animations, effects, and sound to create a unique and recognizable overall look and feel.

20.    Each *Pixel Flow!* level embodies Loom's creative choices regarding the arrangement, colors, and behavior of game elements, including the structure and layout of boards, the placement and behavior of projectiles or "shooters," the appearance, motion, and pacing of game pieces, and the design and placement of the heads-up display ("HUD") and UI elements.

21.    Loom has invested substantial time, labor, and resources into the design, development, testing, and promotion of *Pixel Flow!*, including the creation of the game's distinctive levels, UI, and visual identity.

### *Pixel Flow!*'s Popularity and Visibility, and Grand Games 's Access

22.    *Pixel Flow!* has been available on the Apple App Store and Google Play Store and promoted via online advertising, user reviews, and app store rankings.

23.    *Pixel Flow!* was released and made available to users before Grand Games released the accused game.

24.    After *Pixel Flow!* launched, it quickly achieved substantial success and visibility. Third-party analytics show that *Pixel Flow!* has been downloaded approximately 5.9 million times in total in the US alone, including nearly a million downloads in a recent 30-day period, and is described as "top ranked" in its category with more than fifty thousand user ratings and an average rating of above 4.0 out of 5.

25.    These sources confirm that *Pixel Flow!* is widely distributed and visible on the Apple App Store with substantial user engagement from around the world.

26.    On information and belief, Grand Games and its personnel had access to *Pixel Flow!* through at least the following means: by downloading *Pixel Flow!* from the Apple App Store and/or Google Play Store; by viewing videos, screenshots, and other media showcasing

COMPLAINT FOR COPYRIGHT INFRINGEMENT        - 5 -

*Pixel Flow!* on app stores, social media, and video-sharing platforms; and by reviewing online content and materials in which *Pixel Flow!* was discussed, reviewed, or promoted.

27.    On information and belief, Grand Games developed, published, and distributed the mobile game *Pixel Pop* for iOS devices on the Apple App Store beginning on or around March 15, 2026.

28.    Loom's creatives and third-party tools show that both *Pixel Flow!* and *Pixel Pop* advertise through the same mobile ad networks with their creatives appearing in overlapping placements, increasing Grand Games's exposure to *Pixel Flow!*'s audiovisual presentation.  On information and belief, Grand Games has also appropriated Loom's original expression in ad creatives for the infringing game, further compounding harm to Loom and *Pixel Flow!*.

29.    Grand Games is a mobile-game publisher with a portfolio of casual and puzzle titles distributed worldwide on iOS and Android and available through Apple's App Store and/or Google Play.  On information and belief, it closely monitors successful titles in its category, including through the same analytics and ad-intelligence tools Loom has used.

30.    In light of *Pixel Flow!*'s multi-million download count, top rankings, heavy ad presence on shared networks, and global distribution on the same competitive puzzle/hyper-casual segment, Grand Games had ample opportunity and access to observe and copy *Pixel Flow!* before and during development of its own game.

31.    Grand Games's access is further confirmed by the DMCA dispute itself: Loom directly identified *Pixel Flow!* to Apple as the infringed work and provided side-by-side materials comparing *Pixel Flow!* to Grand Games's game, and Grand Games responded, thereby confirming its familiarity with *Pixel Flow!*.

32.    The close, segment-by-segment similarity between *Pixel Flow!* and *Pixel Pop* in level layout, UI design, and key visual elements further supports the inference that Grand Games had actual access to *Pixel Flow!* and used it as the template for *Pixel Pop*.

33.    On information and belief, Grand Games has marketed *Pixel Pop* as a colorful, casual puzzle title in the same sub-genre as *Pixel Flow!*, targeting the same category of mobile gamers.

34.   *Pixel Pop* is not merely another puzzle game in a crowded marketplace; it closely tracks *Pixel Flow!*'s specific expressive choices, including Loom's unique combinations, selections, and arrangements of audiovisual elements.

**Grand Games's Copying of Loom's Original Expression in *Pixel Flow!***

35.   *Pixel Pop* copies protectable expression from *Pixel Flow!*, including, without limitation, unique in-game elements and unique and original selections, coordination, and arrangements of elements in levels, HUD layout, and splash screens.  For example, the similarities include not only the presence and design of a rounded-square conveyor track and shooter units, but the puzzle shapes, color divisions, and the placement and hierarchy of game level elements, trays, shooter units, and numbered elements within each level.

36.   In early levels of *Pixel Flow!*, Loom created a distinctive layout of the game board and shooter elements, including specific placement and flow of game pieces, trajectories, UI framing, and overall composition.  *Pixel Flow!*'s levels also feature a particular arrangement of colors, shapes, and UI components, including a characteristic positioning of score and move counters.

37.   Grand Games's *Pixel Pop* copies this layout with only trivial cosmetic differences in a manner that goes far beyond any generic idea or gameplay mechanic.  As a concrete example and as shown above, the first level of *Pixel Pop* presents essentially the same composition: a rounded-square conveyer track with shaded borders; a central puzzle region whose interior is divided into two complementary colored halves in the same outline; a row of tray holders positioned directly below the puzzle; and shooter units aligned in corresponding columns at the bottom of the screen.

38.   In both games, the Level 1 puzzle uses the same or highly similar outline and block configuration, with the two colors occupying corresponding regions of the shape, and the same positioning of colored blocks feeding into the conveyer path.  Grand Games's game presents the same combination and arrangement of tray count and shape, ordering and alignment of shooters beneath the puzzle, with numbered values and projectiles that mirror *Pixel Flow!*'s composition.

39.     These Level 1 similarities are representative of a broader pattern across the opening sequence of levels.  When subsequent levels of each game are compared, the background color scheme, rounded-square shapes of the conveyor tracks, the layouts of puzzle shapes, the positions of holding blocks and shooters, and the hierarchical ordering of UI elements are substantially identical in each stage, with only superficial tweaks.

40.     Below are but a few examples of Grand Games's wholesale copying.  Again, the first example below presents Level 2 of each game, showing that Grand Games copied extensive unique expression from *Pixel Flow!*, including without limitation color design of the puzzle (yellow and purple), shooter units of the same colors showing their available shots in white overlayed text, set against virtually the same colored background—all original, creative design choices taken by Grand Games for use in its own game.  This copying continues across other levels, shown below.

| *Pixel Flow!* (Loom) | *Pixel Pop* (Grand Games) |
|---|---|
| | |

| *Pixel Flow!* (Loom) | *Pixel Pop* (Grand Games) |
| --- | --- |



| *Pixel Flow!* (Loom) | *Pixel Pop* (Grand Games) |
|:---:|:---:|
| | |
| | |

| *Pixel Flow!* (Loom) | *Pixel Pop* (Grand Games) |
| --- | --- |



| *Pixel Flow!* (Loom) | *Pixel Pop* (Grand Games) |
|---|---|



| *Pixel Flow!* (Loom) | *Pixel Pop* (Grand Games) |
|---|---|
|  | |

41.     *Pixel Flow!*'s in-game HUD and UI mirror a particular and unique arrangement of core UI elements, including without limitation the placement of the "shot" area or launcher, the positioning and styling of counters, buttons, and icons, and the layout of progress indicators. *Pixel Pop* replicates this arrangement closely, including analogous positioning and visual hierarchy. These similarities further reflect the appropriation of Loom's expressive choices in how its game is visually realized and composed.

42.     Grand Games' copying of *Pixel Flow!* even extends to appropriating the lead word in the game title in its own infringing *Pixel Pop*. This is no mistake or coincidence, but another aspect of Grand Games' deliberate efforts to appropriate and free-ride off of *Pixel Flow!*'s success, including by confusing potential players of *Pixel Flow!* to download *Pixel Pop* instead.

43.     Grand Games has even directly copied ad creatives for *Pixel Flow!*, derived from Loom's copyrighted game, in its own infringing ad creatives for *Pixel Pop*.

| *Pixel Flow!* (Loom) – Ad Creatives | *Pixel Pop* (Grand Games) – Ad Creatives |
|---|---|
| | |
| | |

44.    Grand Games's *Pixel Pop* thus appropriates extensive original creative expression in *Pixel Flow!*, not only as to individual expressive elements but also selection, coordination, and arrangement of expressive game assets.

45.    On information and belief, Grand Games adopted this combination of expressive elements precisely because *Pixel Flow!* had already demonstrated commercial success and user appeal, and Grand Games sought to free-ride on that success by offering a visually interchangeable experience under its own title.

### Loom's DMCA Notice and Grand Games's Counter-Notification

46.    After discovering *Pixel Pop* copied *Pixel Flow!*, on March 18, 2026, Loom submitted a DMCA notification to Apple identifying *Pixel Flow!* as the copyrighted work and *Pixel Pop* as the infringing work and requesting removal of *Pixel Pop* from the App Store.

47.    In response, Apple opened a dispute under reference APP262570-B and invited Grand Games to provide written assurance that its app did not infringe, and warning that failure to respond or take steps towards resolution may result in removal of the reported content.

48.    Grand Games then submitted a DMCA counter-notification to Apple under 17 U.S.C. § 512(g)(3), identifying itself as the publisher of *Pixel Pop*, providing contact information, and expressly consenting to jurisdiction in the Federal District Court for the Northern District of California.

49.    In that counter-notification, Grand Games insisted that *Pixel Pop* does not infringe Loom's rights, thereby forcing Loom to bring this lawsuit to preserve and enforce its rights.

50.    Apple has not disabled access to *Pixel Pop* on the App Store.  As a result, *Pixel Pop* remains available to users, continuing to compete with and trade on the distinctive audiovisual identity of *Pixel Flow!*, and thereby causing ongoing severe and irreparable harm to Loom.

### Ongoing Harm to Loom Games

51.    Grand Games's infringement has harmed and continues to harm Loom by, among other things, diversion of downloads and revenue, loss of control over Loom's intellectual

property, erosion of *Pixel Flow!*'s distinctive identity, and damage to Loom's goodwill and reputation.

52.    Grand Games's conduct has also forced Loom to incur costs and expenses associated with investigation, enforcement, and this litigation.

53.    Grand Games's infringement is willful.  On information and belief, Grand Games intentionally set out to exploit *Pixel Flow!*'s success by copying its audiovisual expression rather than independently creating its own and has and persisted in its infringement after Loom provided notice of its rights.

## COUNT I – FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

54.    Loom realleges and incorporates by reference paragraphs 1–53 as though fully set forth herein.

55.    *Pixel Flow!* is an original audiovisual work fixed in a tangible medium of expression and is subject to protection under the Copyright Act, 17 U.S.C. § 102.

56.    Loom owns all right, title, and interest in and to the copyrights in *Pixel Flow!*, including the audiovisual work registered with the U.S. Copyright Office as Registration No. PA0002555079, effective November 28, 2025.

57.    The *Pixel Flow!* work includes, among other things, the distinctive selection, coordination, and arrangement of visual and audiovisual elements, including but not limited to level items and layouts, HUD design, UI elements, color schemes, animations, effects, and overall look and feel of the work.

58.    Grand Games had access to *Pixel Flow!* prior to and during the development and release of *Pixel Pop*, including through app-store listings, third-party analytics, and shared ad networks.

59.    Grand Games copied original, protectable expression from *Pixel Flow!* to create *Pixel Pop*, including but not limited to: (a) individual unique visual elements and original and expressive selection, coordination, and arrangement of visual elements, including without limitation in level items and layouts, HUD design, UI elements, and splash screens, including the rounded-square track, puzzle shapes and color patterns, tray holders, shooter units, and level

COMPLAINT FOR COPYRIGHT INFRINGEMENT       - 16 -

indicator; (b) the composition of the app loading screen; (c) the design and presentation of in-game pop ups and store creatives; and (d) the look and composition of promotional store creatives.

60.     *Pixel Pop* is substantially and strikingly similar to *Pixel Flow!* in its overall look and feel and in numerous specific expressive details, such that an ordinary observer would recognize Grand Games's game as appropriating *Pixel Flow!*'s original audiovisual expression.

61.     Grand Games, without authorization from Loom, has reproduced, prepared derivative works from, distributed, and publicly displayed *Pixel Flow!*, and/or has authorized and induced others to do so, in violation of Loom's exclusive rights under 17 U.S.C. § 106.

62.     Grand Games's acts of copying, reproducing, publicly displaying, and distributing the infringing game, and of authorizing others to do the same, constitute infringement of Loom's exclusive rights in the *Pixel Flow!* work under 17 U.S.C. § 501.

63.     Grand Games's infringement has been willful and intentional.  Grand Games knew or should have known that *Pixel Pop* copied Loom's original audiovisual expression and nonetheless proceeded to publish and distribute *Pixel Pop* and to challenge Loom's enforcement efforts.

64.     As a direct and proximate result of Grand Games's infringement, Loom has suffered and will continue to suffer damages, including but not limited to lost profits, lost licensing opportunities, diminution in the value of its intellectual property, and harm to its goodwill and reputation.  Loom is entitled to recover its actual damages and Defendants' profits attributable to the infringement or, at its election, statutory damages under 17 U.S.C. § 504, together with its costs and reasonable attorneys' fees under 17 U.S.C. § 505.

65.     Grand Games's ongoing infringement has caused and will continue to cause irreparable harm to Loom for which there is no adequate remedy at law.  Unless enjoined, Grand Games will continue to infringe Loom's copyrights by reproducing, distributing, and/or making available *Pixel Pop* and derivative works based on *Pixel Flow!*.  Accordingly, Loom is therefore also entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Loom respectfully requests that the Court enter judgment in its favor and against Grand Games as follows:

a) A declaration that Grand Games has infringed Loom's copyrights in *Pixel Flow!* under the Copyright Act, 17 U.S.C. § 501;

b) A preliminary and permanent injunction enjoining Grand Games, and all persons acting in concert or participation with them, from directly or indirectly reproducing, publicly displaying, distributing, or otherwise exploiting *Pixel Pop* or any other work that is substantially similar to *Pixel Flow!*'s protected audiovisual expression, and requiring Grand Games to remove that game from all app stores and distribution platforms.

c) An award of Loom's actual damages and Grand Games's profits attributable to the infringement, in an amount to be proven at trial, or, at Loom's election, statutory damages under 17 U.S.C. § 504;

d) A finding that Grand Games's infringement was willful, and an award of enhanced statutory damages to the extent permitted by law;

e) An award of Loom's costs of suit, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

f) An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

g) Such other and further legal or equitable relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Loom hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
TYZ LAW GROUP PC

Dated: March 26, 2026

*/s/ Ciara McHale*
Ciara McHale

Attorneys for Plaintiff
Loom Games Oyun Yazilim Ve
Pazarlama Anonim Sirketi

COMPLAINT FOR COPYRIGHT INFRINGEMENT        - 18 -